Okay, Ms. Aztiarain, can you hear us? Yes, I can. Oh, we can hear you too. Okay, you've got 15 minutes. You have the floor. I won't ask if you want to reserve any time since there's nobody on the other side. Yeah, I'm only going to take about three minutes. I will begin by saying good morning and thank you for this hearing, but there's been a glitch in the filing of a supplemental brief. I had registered for the e-filing on November 17, but my account has not been activated. I was with the clerk speaking to the clerk yesterday about getting it submitted yesterday, but we couldn't get it submitted, and so you do not have the supplemental brief. The supplemental brief touches on the transcript of the hearing, and that is the core issue of this case. The time for filing supplemental briefs has passed, so you're not authorized to actually file any additional briefs, so we understand that you attempted to file one, but I don't believe it's been filed yet, and it's not something that we're going to be willing to  Okay, and on the November 10th filing, per your request, I requested to file the supplemental brief at that time. Why don't you spend your time today telling us why you think that we should reverse the bankruptcy court? Okay, basically there are two issues with the hearing. The matter was the hearing was scheduled for a failure to pay a document fee by the clerk. At the time of the hearing, the court did not review the document fee, and what the court did is it did not review it, and then it went into reviewing payments, so the hearing was not noticed for the payments. It was only noticed for the document fee. Were you current on your planned payments at that time? Yes, yes, Your Honor. Let me see if I can find my document. So basically, the order to show cause was noticed only for the issue of the document fee. That was the stated purpose of the hearing. I was not given notice that planned payments would be reviewed or that dismissal on that ground was even on the table. That is a procedural due process defect. A court cannot dismiss a case on the ground that was not noticed and not subject to the OAC. But you did have notice of the hearing, and you didn't appear, right? And that's another point. There was a motion, so let me see if you have any questions on this point of the OAC. I'm not sure what you're asking us. Do you have any questions on why the hearing was scheduled, and it was only scheduled on the OAC, on the order to show cause for nonpayment of the $34 document fee? But that's not what happened at the hearing. At the hearing, the court asked to see if I was, you know, I was making my planned payments, and my planned payments had been paid, and the trustee's counsel did not introduce that information to the court. So the court ruled, you know, on something that's factually incorrect. Had you made the $34 payment by that time? No, because the $34 fee did not apply, and I wrote to the clerk. I, you know, I was all over writing, showing them that it did not apply. Now, I did make a payment later, but, you know, but it did not apply. And you, but you weren't at the hearing, right? I was not at the hearing for a reason that was already docketed on the court docket. I had a health emergency motion that had been filed on April 29th, and that motion requested for a continuous of the proceedings for 30 days. And that wasn't granted, right? Well, it was not addressed by the court. However, the trustee's counsel was personally aware of that because there was a 341 meeting that he covered on May 1st, and he was in charge of that meeting. So he was aware that I was managing an emergency, and that was the reason that I was not at the hearing. But it was not excused, correct? Well, the court didn't rule. It was not excused, correct? It was not excused. Okay, thank you. Anything else? Well, the court did not address the health motion. Anything else? Okay, thank you. So the supplemental brief that I wanted to file today, I had asked for permission to file it on November 10th. And I want to be clear on that. That's not something new. At the time that I submitted the transcript, seeing that it was very clear that the case was dismissed not on the document fee, but on planned payments, and I was not noticed for planned payments. And that's a failure, and I needed to bring that to your attention. But I think that you could see that on the transcript because you do have the transcript. The judge dismissed it based on the planned payments and not on the document fee. So it was dismissed on grounds that were not noticed. Second point, the dismissal relied on an incomplete record, as I had said, the pending emergency health motion, and all the planned obligations were current. They were not late. And they were made directly to the creditors because it was a brand new case. It barely had 60 days old. And it is permitted to make the payments under 1326C. And because the court acted without proper notice and on an incorrect factual premise, the reversal is warranted. Do you have any questions, Your Honors? I do not. I don't either. Okay, if that concludes your presentation, we'll thank you very much and we'll take it under submission and get you a written decision as soon as we can. Okay, would you allow, excuse me, Your Honor, do I have time to ask you, would you allow the filing, the supplemental filing, to be filed? We'll review it and that will be part of our written decision whether or not we'll allow the filing. All right. Thank you. Thank you very much. Thanks a bunch. Okay, let's call our next matter.
judges: Brand, Lafferty, and Spraker